**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARGARETTA LANGLOIS,**

    **Plaintiff,**

v.                                                                    Case No: 8:12-CV-2100-T-27EAJ

**JOHN LOZANO,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Before the court is pro se Plaintiff's **Application for Determination of Civil Indigent Status** (Dkt. 2), which the court construes as a motion for leave to proceed in forma pauperis.[1]

**Legal Standard**

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

Rule 12(b)(6), Fed. R. Civ. P., governs the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid

---

[1] The motion has been referred to the undersigned for disposition or a report and recommendation (Dkt. 2). See 28 U.S.C. § 636(b)(1) (2009).

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a)(1)-(3).  In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

### Discussion

Plaintiff's affidavit states that Plaintiff is currently unemployed and has no spouse or dependents.  Plaintiff has monthly expenses of $1,434 and receives monthly income of $1,270 in social security benefits and $109 in food stamps.  The affidavit states that Plaintiff owes $9,000 for her automobile.  Plaintiff's application reveals the requisite inability to pay the cost of filing an action.

However, Plaintiff's complaint is subject to dismissal because it fails to comply with the Federal Rules of Civil Procedure.  The majority of Plaintiff's complaint is dedicated to generalized factual allegations regarding two operations performed by Defendant Dr. John Lozano. (Dkt. 1) The complaint alleges that Defendant was negligent and committed malpractice in operating on Plaintiff. (Id.)

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Although the Rules require no technical form for pleading, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Plaintiff's complaint is "a quintessential 'shotgun' pleading replete with factual allegations and rambling legal conclusions." Osahar v. United States Postal Service, 297 F. App'x 863, 864 (11th Cir. 2008) (per curiam) (unpublished). As such, the complaint does not contain a short and plain statement showing that Plaintiff is entitled to relief and that this Court has jurisdiction over her claims. Although complaints are construed more liberally in pro se actions, Plaintiff is subject to the same law and rules of court as a litigant represented by counsel, including the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's motion to proceed in forma pauperis (Dkt. 6) be **DENIED WITHOUT PREJUDICE**;

(2) Plaintiff be granted an opportunity to file an amended complaint that invokes this court's jurisdiction and states a claim under federal or state law over which this court has jurisdiction; and

(3) Plaintiff's failure to timely file an amended complaint result in dismissal of this matter. See Local Rule 3.10(a), M.D. Fla.

**Date: September 21, 2012**

ELIZABETH A JENKINS
United States Magistrate Judge

3

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).