## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MARGARETTA LANGLOIS,

      **Plaintiff,**

v.                                          **Case No: 8:12-CV-2100-T-27EAJ**

JOHN LOZANO,

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is pro se Plaintiff's **Affidavit of Indigency** (Dkt. 7), which the Court construes as a motion for leave to proceed in forma pauperis.[1]

The undersigned recommended on September 21, 2012 that Plaintiff's first motion to proceed in forma pauperis be denied without prejudice as her complaint failed to contain a short and plain statement of a claim showing that Plaintiff is entitled to relief and the grounds for this Court's jurisdiction. (Dkt. 3)   On October 10, 2012, the district judge adopted the report and recommendation and directed Plaintiff to file an amended complaint. (Dkt. 4)  Plaintiff has since filed an amended complaint and a second motion to proceed in forma pauperis.  (Dkt. 6, 7)

## Legal Standard

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person.

---

[1]   The motion has been referred to the undersigned for disposition or a report and recommendation (Dkt. 7). See 28 U.S.C. § 636(b)(1) (2009).

The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

Rule 12(b)(6), Fed. R. Civ. P., governs the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

## Discussion

Plaintiff's amended complaint alleges that Dr. John Lozano was negligent in performing two hip replacement operations on Plaintiff and that she has "proof of 'tampering' [with] 'medical' operative reports.'" (Dkt. 6) Plaintiff asserts that this Court has jurisdiction over this matter due to: (1) damages over $75,0000; (2) two "illegal/fraud orders" from Pasco Circuit Court; (3) violation of her pro se litigants constitutional civil rights to represent herself pro se; and (4) her discovery of exculpatory evidence withheld in two of her cases. (Id.)

Plaintiff's amended complaint is subject to dismissal because it fails to state a claim for relief and invoke the Court's jurisdiction. Although this Court has jurisdiction of civil actions where the

amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties, 28 U.S.C. § 1332(a),  Plaintiff lists Florida addresses for herself and Defendant and does not suggest that any party is a citizen of another state.

Plaintiff's allegations also fail to invoke this Court's federal question jurisdiction. See 28 U.S.C. § 1331.  Plaintiff does not allege that Defendant is a state actor, conspired with state actors, or acted under color of state law. See U.S. Const. amend. XIV (prohibiting any "State" from depriving a person of due process of law); Harvey v. Harvey, 949 F.2d 1127, 1132 (11th Cir. 1992) (finding private physicians unaffiliated with a state institution not state actors).

Plaintiff has again failed to establish this Court's jurisdiction and to otherwise state a claim for relief.  Accordingly, her motion to proceed in forma pauperis should be denied.  Given that this is Plaintiff's second failure to comply with the federal pleading requirements and in light of her numerous past filings in this Court,[2] allowing Plaintiff another opportunity to file a complaint would be futile.  Thus, leave to amend should not be granted.  Consequently, dismissal of Plaintiff's claim is warranted.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)      Plaintiff's motion to proceed in forma pauperis (Dkt. 7) be **DENIED**; and

(2)      Plaintiff's complaint (Dkt. 1) be **DISMISSED**.

---

[2]  A search of Plaintiff's name in the Court's electronic filing database reveals at least five other cases since 2009 where the Plaintiff appeared pro se and failed to comply with the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. These cases are: Langlois v. Traveler's Ins. Co., 8:11-cv-1372–JSM-AEP, Langlois v. Venezia Investments, LLC, 8:10-cv-2894-VMC-TBM; Langlois v. Traveler's Ins. Co., 8:10-cv-20-RAL-AEP; Langlois v. O'Neill, 8:09-cv-1421-VMC-MAP; and Langlois v. Pasco Circuit Court, 8:10-cv-2724-RAL-TGW.

**Date: October 31st, 2012**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).

Copies to:

Pro Se Plaintiff