UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


MARGARETTA LANGLOIS,

     Plaintiff,

v.                                                                               Case No: 8:12-CV-2100-T-27EAJ

JOHN LOZANO,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Affidavit of Indigency** (Dkt. 11), which the court construes as a motion for leave to proceed in forma pauperis on appeal.[1]

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. A party permitted to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization, unless the district court certifies that the appeal is not taken in good faith. Fed. R. App. P. 24(a)(3); see also 28 U.S.C. § 1915(a)(3). "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers Nat'l Bank, 271 F. App'x 858, 859 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted). A claim is frivolous if it is "without arguable merit either in law or fact." Id. at 859-60 (citation and internal quotation marks omitted).

The undersigned recommended on September 21, 2012 that Plaintiff's first motion to

_____

[1] The motion has been referred to the undersigned by the district judge. (Dkt. 11)

proceed in forma pauperis be denied without prejudice as her complaint failed to contain a short and plain statement of a claim showing that Plaintiff is entitled to relief and the grounds for this Court's jurisdiction. (Dkt. 3)   On October 10, 2012, the district judge adopted the report and recommendation and directed Plaintiff to file an amended complaint. (Dkt. 4)

Plaintiff filed an amended complaint and a second motion to proceed in forma pauperis. (Dkt. 6, 7)  Because Plaintiff again failed to establish this Court's jurisdiction and to otherwise state a claim for relief, the undersigned recommended on October 31, 2012 that Plaintiff's second motion to proceed in forma pauperis be denied.  (Dkt. 8)  Given that this was Plaintiff's second failure to comply with the federal pleading requirements and in light of her numerous past filings in this Court,[2] the undersigned found that allowing Plaintiff another opportunity to file a complaint would be futile. (Id.)  On November 21, 2012, the district judge adopted the report and recommendation of the undersigned and dismissed the case. (Dkt. 9)

Plaintiff's appeal is frivolous as she fails to assert any legal or factual basis for concluding that the district court erred. (Dkt. 10)  The majority of Plaintiff's nine-page appeal consists of her rambling about her indigency and the gross malpractice committed by Defendant. (Id.)  Plaintiff's claims do not invoke the Court's jurisdiction nor state a claim for relief.  (Id.)  Therefore, Plaintiff's appeal is without arguable merit in law or fact and not taken in good faith.

Accordingly and upon consideration, it is **RECOMMENDED** that:

---

[2]A search of Plaintiff's name in the Court's electronic filing database revealed at least five other cases since 2009 where the Plaintiff appeared pro se and failed to comply with the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. These cases are: Langlois v. Traveler's Ins. Co., 8:11-cv-1372–JSM-AEP, Langlois v. Venezia Investments, LLC, 8:10-cv-2894-VMC-TBM; Langlois v. Traveler's Ins. Co., 8:10-cv-20-RAL-AEP; Langlois v. O'Neill, 8:09-cv-1421-VMC-MAP; and Langlois v. Pasco Circuit Court, 8:10-cv-2724-RAL-TGW.

(1)    Plaintiff's motion for leave to proceed in forma pauperis on appeal (Dkt. 11) be

   **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 12th day of December, 2012.


ELIZABETH A JENKINS
United States Magistrate Judge